# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA CIROCCO, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 17-393 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| THE NORTHWESTERN MUTUAL | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Pending before the Court is a Motion to Remand filed by Plaintiffs Lisa Cirocco and Alex Cirocco ("Plaintiffs") (Doc 6). For the reasons that follow, the Court will grant Plaintiffs' Motion, and remand this action to the Court of Common Pleas of Allegheny County, Pennsylvania.

On February 24, 2017, Plaintiffs filed a Complaint in the Court of Common Pleas of Allegheny County against The Northwestern Mutual Life Insurance Company ("Northwestern") and Stephen Hast, Jr. ("Hast"). Plaintiff Lisa Cirocco alleges claims against both Defendants for breach of contract, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), intentional misrepresentation, fraud and unfair insurance practices.[1] *See* Compl., attached as Ex. A to Notice of Removal (Doc. 1-2). Plaintiffs allege that Hast, who was an agent of Northwestern, met with them in 2005 regarding the purchase of

---

[1] Lisa Cirocco also alleges that Northwestern violated Pennsylvania's Bad Faith Insurance Practices Act, and Alex Cirocco asserts claims against both Defendants for loss of consortium.

insurance policies.  Id. ¶¶ 6, 9, 10.  Plaintiffs purportedly expressed concerns about Lisa Cirocco's vision due to pre-existing conditions, and Hast allegedly recommended that a disability policy would be best for her situation.  Id. ¶¶ 11, 14.  Hast gave Lisa Cirocco medical authorization forms to complete and after an examination process was conducted, Northwestern issued her a disability income policy on October 25, 2005.  Id. ¶¶ 15-25.  Lisa Cirocco subsequently made payments on the policy until submitting a claim for benefits on March 28, 2015.  Id. ¶¶ 27, 28.  On October 12, 2015, Northwestern advised Lisa Cirocco that it was rescinding the policy because certain information was incorrectly reported or was omitted when she applied for coverage.  Id. ¶¶ 30, 31.

On March 29, 2017, Northwestern timely removed Plaintiffs' action to this forum.  (Doc. 1).  Northwestern claims that this Court has jurisdiction over the case under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists among Plaintiffs, who are Pennsylvania citizens, and Northwestern, a citizen of Wisconsin, and the amount in controversy exceeds $75,000.  Id. ¶¶ 6, 7.  Northwestern contends that Hast, who also is a citizen of Pennsylvania, was fraudulently joined to destroy diversity.  Id. ¶¶ 12, 13.  According to Northwestern, Plaintiffs have no real intention to prosecute the action against Hast, and there is no reasonable basis or colorable ground to support their claims against him.  Id. ¶¶ 18-22, 23-39.

Plaintiffs filed the instant Motion to Remand on April 17, 2017, arguing that the Complaint alleges conduct attributable to Hast, which supports his joinder as a party in the action.  (Doc. 6, ¶¶ 21, 29).  Plaintiffs assert that Hast's proper joinder destroys diversity of citizenship, and a remand is required.  (Doc. 8 at 4-7).  Plaintiffs also request an award of attorney's fees and costs incurred as a result of the removal.  (Doc. 6, ¶ 32).

On May 8, 2017, Hast joined Northwestern in opposing remand. *See* Doc. 17. Hast contends that he had no role in Northwestern's decision to rescind the policy, he is not liable to Lisa Cirocco and he should be dismissed from the case. Id. at 2.

A defendant may remove a civil action from state court if it originally could have been brought in federal court. 28 U.S.C. § 1441(a). If removal is based on diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy and complete diversity between the parties. In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

The fraudulent joinder doctrine is an exception to the requirement that removal must be predicated on complete diversity. *See* Briscoe, 448 F.3d at 215-16. Where complete diversity is lacking, "the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." Id. at 216. A removing defendant who claims fraudulent joinder bears a "heavy burden of persuasion." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted). It must show "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985). A claim is colorable if it is not "wholly insubstantial and frivolous." Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992).

In analyzing a fraudulent joinder claim, the district court must accept all factual allegations in the plaintiff's complaint as true and "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Boyer, 913 F.2d at 111. The fraudulent joinder inquiry is not governed by the Rule 12(b)(6) standard, which is "more searching than that permissible." *See* Batoff, 977 F.2d at 852 (observing "it is possible

that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted"). In sum, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Boyer, 913 F.2d at 111 (citation omitted).

Northwestern has not met its heavy burden regarding fraudulent joinder. First, Northwestern has not shown that Plaintiffs have no real intention in good faith to prosecute the action against Hast. Other than critiquing the sufficiency of Plaintiffs' Complaint, which the Court is not to judge at this stage, Northwestern has cited no conduct by Plaintiffs or other evidence indicating that they do not intend to proceed against Hast, and the Court discerns none in the record. *See* Doc. 1, ¶¶ 18-22.

Next, Plaintiffs must allege at least one colorable claim against Hast, and Lisa Cirocco's UTPCPL claim against Hast so-qualifies.[2] An individual may bring a private action under the UTPCPL to recover damages caused by certain enumerated "unfair or deceptive acts or practices," as well as "any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. §§ 201-3, 201-2(4)(xxi), 201-9.2(a). The Pennsylvania Supreme Court has held that the UTPCPL is to be liberally construed to effectuate its underlying purpose of fraud prevention. *See* Ash v. Cont'l Ins. Co., 932 A.2d 877, 881 (Pa. 2007).

---

2 Because the UTPCPL claim against Hast is colorable, it is unnecessary to address the remaining claims. *See* Horne v. Progressive Advanced Ins. Co., 2015 WL 1875970, *1 (E.D. Pa. Apr. 24, 2015) ("A court need only find that one claim is colorable against the non-diverse defendant to remand the action.").

4

Here, Plaintiffs allege that Hast recommended a disability policy for Lisa Cirocco because of her pre-existing eye issues. Compl. ¶¶ 9, 14. Lisa Cirocco claims that Northwestern and Hast violated the UTPCPL by, *inter alia*, using deceptive representations regarding the sale of the policy upon which she relied in deciding to purchase it. Id. ¶ 51.b. Northwestern argues that there is no colorable ground to support a UTPCPL claim against Hast because: (1) Lisa Cirocco has not pled any deceptive act, representation or conduct; (2) she has not pled justifiable reliance on any deceptive or fraudulent conduct; and (3) she cannot prove causation. *See* Doc. 16 at 12-14.

The gravamen of Northwestern's argument is whether Plaintiffs have properly pled a UTPCPL claim against Hast,³ but it is not the Court's task to assess the claim under a Rule 12(b)(6) standard at this juncture. Rather, the question is whether the claim is colorable, and the Court concludes that it is. First, a private individual may maintain a claim under the UTPCPL against an insurance agent. *See* Kelly v. Progressive Advanced Ins. Co., 159 F. Supp.3d 562, 564 (E.D. Pa. 2016) ("[t]he UTPCPL applies to the sale of an insurance policy"); Pekular v. Eich, 513 A.2d 427, 434 (Pa. Super. Ct. 1986) (an insured can maintain a UTPCPL claim because the Unfair Insurance Practices Act does "not represent the sole and exclusive deterrent to alleged unfair or deceptive acts of insurers and their *agents*") (emphasis added). In addition, numerous federal courts have determined that Pennsylvania law may allow a UTPCPL claim against individual insurance agents or claims representatives, thus defeating challenges of fraudulent joinder. *See* Barrie v. Progressive Specialty Ins. Co., 2017 WL1150631, *5 (E.D. Pa.

---

3 Northwestern's reliance on Mondron v. State Farm Mut. Auto. Ins. Co., 2016 WL 7384183 (W.D. Pa. Dec. 21, 2016), underscores this point. In Mondron, this Court found that the plaintiff failed to properly plead the necessary elements of a UTPCPL claim and dismissed it on a Rule 12(b)(6) motion. As previously discussed, the Court may not employ the Rule 12(b)(6) standard when analyzing a fraudulent joinder claim.

5

Mar. 28, 2017) (collecting cases involving claims representatives); Fenkner v. Nationwide Mut. Ins. Co., 2005 WL 1172642, *3 (M.D. Pa. May 18, 2005) (finding plaintiffs asserted a colorable UTPCPL claim against non-diverse insurance agents and remanding case to state court).

In view of this authority, the UTPCPL claim against Hast is not "wholly insubstantial and frivolous." As such, the Court cannot conclude that Hast was fraudulently joined, and the case must be remanded to state court.

Although remand is appropriate, Plaintiffs' request for costs and fees will be denied. "[T]he standard for awarding fees [under 28 U.S.C.§ 1447(c)] should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. The Court finds that Northwestern's arguments, although ultimately unpersuasive, do not quite fall below the objective reasonableness standard.

Consistent with the foregoing, the Court hereby enters the following:

## II. ORDER

Plaintiffs' Motion to Remand (**Doc. 6**) is **GRANTED**; Plaintiffs' request for attorney's fees is **DENIED**; and this case is **REMANDED FORTHWITH** to the Court of Common Pleas of Allegheny County, Pennsylvania (Civil Division, Case No. GD-17-003031).

IT IS SO ORDERED.

October 18, 2017  s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):
All Counsel of Record